```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Jorge Rios, pro se,                          :
                                             :
                       Plaintiff,            :
                                             :           **Memorandum & Order**
              -against-                      :           07-CV-3598 (DLI) (LB)
                                             :
State of New York Executive Department       :
Division of Parole and Paul Battiste, Esq.,  :
                                             :
                       Defendants.           :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Jorge Rios brings this *pro se* action titled a "Motion under *Vaughn v. Rosen* to require detailed indexing justification and itemization." The court allows plaintiff to proceed *in forma pauperis*, but for the reasons set forth below, the complaint is dismissed.

## Background

Plaintiff's complaint was filed on August 14, 2007 and, although the court appreciates that it is neatly typed, with numbered pages and paragraphs, the court nonetheless finds it nearly indecipherable. The complaint is captioned "United States, Respondent vs. Jorge Rios, Movant," while an attached affidavit is captioned "Jorge Rios, et al. v. State of New York Executive Department Division of Parole and Parole Officer Ms. Mendoza and her Supervisor, et al." Together, these documents consist of randomly organized references to "The Freedom of Information Act" and a request that this court "require detailed indexing justification and itemization" (Compl. at 1-2); allegations of "harassment" involving his parole officer, Ms. Mendoza and her supervisor when he requested a travel pass on August 8, 2007 (Affidavit ¶ 4); challenges to his plea agreement, conviction, and sentencing on a state court indictment, including his

representation by retained attorney Paul A. Battiste, Esq. (Compl. at 3); complaints about his detention by immigration authorities in Pennsylvania (Compl. at 4); and a request that he be released from parole supervision (Compl. at 5). Attached to these is "Appendix 'A'" consisting of 63 pages of documents, in no particular order, spanning 16 years, and apparently related to his criminal case, his immigration case, and various civil actions he has filed in the New York State courts.

It appears that plaintiff's underlying concern and the impetus for filing this action is the August 8, 2007 refusal by his parole officer's supervisor to authorize his requested travel pass, after plaintiff refused to answer questions about the circumstances of the underlying criminal conviction. (*See* Affidavit ¶ 4.) Plaintiff seems to be asking the court to grant him relief by reviewing an alleged request pursuant to the Freedom of Information Act and/or the New York State Freedom of Information Law and releasing him from parole supervision by the New York Executive Department of Parole "in [the] Interest of Justice." (Compl. at 1, 5.)

**Discussion**

1. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is proceeding *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)

2

(quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

2.  Requests under FOIA and FOIL

Plaintiff invokes the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552-552b, and *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). FOIA created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. FOIA requests must be made to the specific federal agency. They may be administratively appealed to the head of the agency, and ultimately are appealable to federal courts. 5 U.S.C. § 552(a)(4)(B). However, federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records,'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980), and the requester must first exhaust his administrative remedies, *Ruotolo v. Dep't of Justice*, 53 F.3d 4, 8 (2d Cir. 1995). *Vaughn* held that an agency could meet its burden in FOIA litigation if it included an affidavit or series of affidavits explaining the agency's treatment of the plaintiff's FOIA request and detailing the agency's claimed exemptions. 484 F.2d at 826-27. In this case, plaintiff has not alleged that he filed a FOIA request with a federal agency, that such request was initially denied, or that he has exhausted his administrative remedies. Nor has he alleged that he is entitled to an index of requested documents and an explanation of how his requests were handled, pursuant to *Vaughn*. Because of these deficiencies, the court lacks jurisdiction to review plaintiff's claim.

Plaintiff attaches a letter, dated May 18, 2001 and addressed to the Honorable Michael R. Juviler, Kings County Supreme Court Justice, requesting information pursuant to New York State's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. L. §§ 84-90. The state FOIL allows individuals to request disclosure of records collected by New York state agencies, subject to certain

statutory exemptions. If the initial request is denied, the requester may appeal the denial first to the "head, chief executive or governing body" of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. L. § 89(4)(a) and (b). Unlike requests under the federal FOIA, federal courts have no jurisdiction to enforce lawful requests under the state FOIL. To the extent plaintiff seeks the court's assistance in requesting documents from state or federal agencies, he has failed to state a claim on which relief may be granted.

C. Section 1983 Claims

The court liberally construes plaintiff's claims regarding the actions of the parole officers and his attorney as a civil rights action pursuant to 42 U.S.C. § 1983. In order to maintain an action under section 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id*.

Plaintiff's claims against the New York State Division of Parole must be dismissed because neither the state nor its agencies are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To the extent plaintiff may have intended to name individual parole officers, he has failed to state a claim of deprivation of his constitutional rights. His allegations that parole officers questioned or "harassed" him about his requests to travel to New Jersey, or the circumstances of the underlying criminal conviction, or his ability to work, do not implicate any constitutional rights. Thus, he has failed to state a claim under section 1983.

4

Plaintiff names his former attorney, Paul A. Battiste, Esq., as a defendant in this lawsuit, but fails to identify a cause of action or seek any relief from this defendant. Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private individuals. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). "It is well-established that as a matter of law a private attorney is not a state actor." *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 Civ. 10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004); *see, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding). Accordingly, all claims against Battiste must be dismissed.

## Conclusion

For the foregoing reasons, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:     Brooklyn, New York
           January 14, 2007

                                                      _____/s/_____
                                                      DORA L. IRIZARRY
                                                      United States District Judge